Jones, J.
In Strong v. Strong, (1 Abb. N. S. 358,) it is laid down that, as a general rule, in an action for divorce, fro causa adultery brought against the wife, if she sets up an affirmative defense, such as recrimination, counsel fees and alimony will be allowed her unless the court is satisfied that she has no reasonable ground of defense, in which case the court, in the exercise of a sound discretion, may refuse counsel fees and alimony. In that case it was also further laid down that if the wife swears particularly to the allegations in the answer constituting affirmative defenses, then, although affidavits may be produced contradicting her positive oath as to the affirmative defenses, still the court will be satisfied that she has a reasonable ground of defense.
In the present case, the defendant, in the fifth paragraph of her answer makes, upon information and belief, a recriminatory charge of adultery, in certainly very general terms. If the answer stopped here (there being no affidadavit to support it,) neither counsel fees nor alimony could be allowed. But the answer goes further, and positively charges that the plaintifij by reason of such adulte *285 ries contracted a venereal disease which he communicated to the defendant. On the motion to strike out sundry of the defenses in this answer, it was held that the fact that the hushand, long after marriage, had communicated a venereal disease to the wife, was prima facie evidence of adultery having been committed by him. If then the wife swears positively that the husband, long after marriage, communicated such disease to her, the case comes within the rule which allows a wife counsel fees and alimony when she swears positively to allegations constituting an affirmative defense. There are some strong and special cases which constitute exceptions to the above general rules laid down in Strong v. Strong. Suffice it to say this case does not fall within these exceptions. The affidavits of Planby, Petit, Huestis and Agnew, read in behalf of the plaintiff, do not affect the question involved. These affidavits merely go to show a condonation of adultery committed previous to those charged in the fifth paragraph. I do not understand that such condonation is denied, but it is claimed that these previous adulteries have been revived by the commission of the subsequent ones charged in the fifth paragraph.
Counsel fees and alimony must be allowed. Upon a view of the whole case and affidavits, I think $15 per week should be allowed for alimony, and $50 for counsel fees. The alimony to commence when the plaintiff left off paying the weekly stipend he has heretofore been voluntarily paying; also the costs of this motion.